IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **LINDA GARRETT,**<br>4405 Glenmere Circle<br>Warrensville Heights, Ohio, 44128,<br><br>    Plaintiff,<br><br>vs.<br><br>**UNIVERSITY HOSPITALS CLEVELAND MEDICAL CENTER dba UNIVERSITY HOSPITALS OF CLEVELAND CASE MEDICAL CENTER,**<br>    c/o its Statutory Agent, Janet Miller<br>    3605 Warrensville Center Rd.<br>    MSC 9110<br>    Shaker Heights, Ohio, 44122,<br><br>**AND**<br><br>**UNIVERISTY HOSPITALS HEALTH SYSTEM, INC dba UNIVERSITY HOSPITALS,**<br>    c/o its Statutory Agent, Janet Miller<br>    3605 Warrensville Center Rd.<br>    MSC 9110<br>    Shaker Heights, Ohio, 44122,<br><br>    Defendants. | Judge: JANET R BURNSIDE<br><br>CV 14 820426<br><br>**COMPLAINT**<br><br>Plaintiff demands a trial by jury on all issues triable of right by a jury, pursuant to Civ. R. 38. |

## INTRODUCTION

1. Plaintiff is a citizen of Ohio and a resident of Cuyahoga County, Ohio.

2. Defendant University Hospitals Cleveland Medical Center ("UHCMC") is an Ohio non-profit corporation residing in and doing business in Cuyahoga County, Ohio.

3. Defendant University Hospitals Health System, Inc. ("UHHS") is an Ohio non-profit corporation residing in and doing business in Cuyahoga County, Ohio.



4. Plaintiff is an "employee" within the meaning of Chapter 4112 of the Ohio Revised Code.

5. Defendant UHCMC is a "person," an "individual" and an "employer" within the meaning of Chapter 4112 of the Ohio Revised Code.

6. Defendant UHHS is a "person," an "individual" and an "employer" within the meaning of Chapter 4112 of the Ohio Revised Code.

7. The conduct, activity, and injuries that gave rise to these claims occurred in Cuyahoga County, Ohio. Jurisdiction and venue are proper.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. Defendants employed Plaintiff for more than 39 years from 1973 until on or about March 26, 2013.

9. At all times relevant to this Complaint, Plaintiff was qualified for the position(s) in which she was employed and for the position(s) for which she applied, was considered or was eligible.

10. At all times relevant to this Complaint, Plaintiff successfully performed the duties and responsibilities of the position(s) she held.

11. On March 26, 2013, Defendants terminated Plaintiff's employment.

12. Around the time of the termination of Plaintiff's employment and thereafter, Defendants had open positions for which Plaintiff was qualified, eligible and/or applied.

13. Defendants refused to reinstate, rehire, transfer or reassign Plaintiff to available positions for which Plaintiff was qualified.

14. On September 16, 2013, Plaintiff and UHCMC entered into a Covenant Not to Sue and Tolling Agreement, whereby Plaintiff and UHCMC agreed to a tolling period with

2

regard to all applicable statutes of limitations, to run from September 16, 2013 through and including November 15, 2013, during which period Plaintiff agreed not to sue UHCMC.

15. On November 13, 2013, Plaintiff and UHCMC entered into a second Covenant Not to Sue and Tolling Agreement, within which Plaintiff and UHCMC agreed to extend the tolling period with regard to all applicable statutes of limitations, to run from September 16, 2013, through and including January 15, 2014, during which period Plaintiff agreed not to sue UHCMC.

**FIRST CAUSE OF ACTION**
**(Wrongful Termination in Violation of Public Policy)**

16. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

17. During the course of her employment, Plaintiff discovered and reported to Defendants and government officials that Defendants had reported false data to the Centers for Medicare and Medicaid Services.

18. Defendants subjected Plaintiff to unfair and unwarranted discipline, reassigned her job duties, terminated her employment, and otherwise unlawfully discriminated and retaliated against her because she had reported illegal conduct, requested that Defendants comply with state and federal law, including but not limited the CMS End-Stage Renal Disease ("ESRD") Payment Regulations, CMS Conditions for Coverage for ESRD Facilities Regulations; 18 U.S.C. §§ 1001, 1035 and 1347; and Ohio Revised Code § 2913.47, because she stated her own intention to comply with state and federal law, and because she had undertaken the process of reporting Defendants' conduct to CMS.

19. Defendants violated the clear public policy of Ohio as contained within the Ohio and United States Constitutions, state and federal legislation, administrative rules and

regulations, and Ohio common law, when they subjected Plaintiff to unfair and unwarranted discipline, reassigned her job duties, terminated her employment, and otherwise discriminated and retaliated against her.

20. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic damages for which Defendants is liable, including but not limited to pain and suffering, and the loss of salary, wages, benefits, and other privileges and conditions of employment.

21. Defendants intentionally, willfully, wantonly, recklessly and maliciously violated the clear public policy of Ohio. Defendants are liable to Plaintiff for past and future economic and non-economic damages, including compensatory damages, pain and suffering, punitive damages, back pay, front pay, reinstatement with seniority rights and fringe benefits, attorneys' fees and costs, witness fees, expert fees, interest and any additional legal or equitable relief that this Court deems appropriate.

## SECOND CAUSE OF ACTION
(Age Discrimination in Violation of R.C. Chapter 4112)

22. Plaintiff incorporates by reference the previous paragraphs as if fully re-alleged herein.

23. At all times relevant hereto, Plaintiff was over the age of forty (40).

24. Defendants replaced Plaintiff with a substantially younger employee and/or transferred Plaintiff's work to a substantially younger employee.

25. Defendants retained, transferred, promoted and/or hired substantially younger employees into open positions for which Plaintiff was qualified.

26. Upon information and belief, Defendants have a pattern and practice of making employment decisions, such as hiring and termination decisions, based on age.

27. Upon information and belief, Defendants have a pattern and practice of treating younger employees more favorably than older employees with respect to the terms, conditions and privileges of employment, including, but not limited to, compensation decisions, promotion, termination and hiring decisions (including placing younger employees in open positions without posting the positions), and decisions concerning employees to retain and/or transfer.

28. Defendants unlawfully discriminated against Plaintiff because of her age when they terminated her employment, in violation of R.C. 4112.02 and 4112.99.

29. Defendants otherwise discriminated against Plaintiff on the basis of age with respect to the terms, conditions and privileges of employment, including, but not limited to, refusing to rehire, recall, transfer or reassign Plaintiff to her former position or to other open positions for which she was qualified, in violation of R.C. Chapter 4112.

30. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic damages, including, but not limited to, pain and suffering, the loss of salary and benefits, and the loss of other privileges and conditions of employment.

31. Defendants' discriminatory actions against Plaintiff in violation of R.C. 4112.02(A) and (N) was willful, reckless and/or malicious and render Defendants liable for past and future economic and non-economic compensatory and punitive damages pursuant to R.C. 4112.99, as well as attorneys' fees, costs and any equitable relief that this Court deems appropriate.

5

## THIRD AND FOURTH CAUSES OF ACTION
(Interference and Retaliation in Violation of the Family and Medical Leave Act, 29 U.S.C. § 2611, et seq. ("FMLA"))

32. Plaintiff incorporates by reference the previous paragraphs as if fully re-alleged herein.

33. While employed by Defendants, Plaintiff exercised her rights under the FMLA.

34. Defendants were aware of Plaintiff's serious health condition and the medical necessity of Plaintiff taking medical leave for treatment.

35. Plaintiff was entitled to a period of leave under the FMLA.

36. Plaintiff provided Defendants with such notice of her need for leave as was practicable under the circumstances.

37. Defendants terminated Plaintiff's employment because she had taken and/or requested a period of leave to which she was entitled under the FMLA.

38. Upon information and belief, Defendants deviated from its written and unwritten employment policies, practices and procedures, otherwise interfered with, and retaliated against Plaintiff because she had taken a period of leave to which she was entitled under the FMLA.

39. Defendants unlawfully interfered with, restrained, or denied Plaintiff the exercise of, or the attempt to exercise, her rights as provided under the FMLA and retaliated against her by taking action against her with respect to the terms, conditions, and privileges of her employment, including but not limited to removing her from her position, refusing to transfer, redeploy, recall, or rehire her to positions for which she was qualified, and terminating her employment, in violation of the FMLA.

40. Defendants have a pattern and practice of discriminating against employees who take FMLA leave.

41. As a result of Defendants' wrongful conduct in interfering with her leave and terminating Plaintiff's employment, Plaintiff has suffered and will continue to suffer damages for which Defendants are liable under the FMLA, including but not limited to the loss of salary, wages, benefits, and other compensation, privileges and conditions of employment.

42. Defendants intentionally, willfully and unreasonably violated the FMLA in bad faith. Defendants are liable to Plaintiff under the FMLA for interest on the amount of losses described in the preceding Paragraph, liquidated damages, all fees and costs including but not limited to reasonable attorneys' fees and expert fees, and any equitable relief that this Court deems is appropriate including but not limited to front pay, employment, reinstatement and promotion.

## FIFTH CAUSE OF ACTION
### (Violation of R.C. 4113.52, Ohio's Whistleblower Statute)

43. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

44. During the course of her employment with Defendants, Plaintiff learned and reasonably believed that Defendants and/or Defendants' employees were engaging in conduct that violated UHCMC and UHHS policies and federal and state laws, including but not limited to CMS ESRD Payment and CMS Conditions for Coverage Regulations, 18 U.S.C. §§ 1001, 1035, and 1347, and Ohio Revised Code § 2913.47.

45. Plaintiff reasonably believed that Defendants and/or their employees were engaging in a felony.

46. In or around October 2012, Plaintiff reported and described to UHCMC and/or UHHS, orally and in writing, Defendants' conduct that she reasonably believed violated Ohio and/or federal law.