## COVENANT NOT TO SUE AND TOLLING AGREEMENT

This Covenant Not to Sue and Tolling Agreement (the "Agreement") is made and entered into this 16th day of September 2013, by and between Linda Garrett, ("Garrett"), University Hospitals Cleveland Medical Center, formerly known as University Hospitals of Cleveland, d/b/a University Hospitals of Cleveland Case Medical Center ( collectively "UHCMC"), Garrett and UHCMC are hereinafter collectively referred to as the "Parties." For purposes of this Agreement, Garrett and UHCMC are defined to mean and include all of their past, present and future heirs, beneficiaries, next of kin, executors, administrators, partners, parents, shareholders, trustees, officers, employees, agents, representatives, successors in interest, agents, assigns and legal representatives.

WHEREAS, Garrett has asserted various claims arising from her employment with UHCMC , including but not limited to gender, whistleblower, wrongful discharge, race, and age discrimination;

NOW, THEREFORE, in consideration of the mutual covenants and promises contained herein, the Parties agree as follows:

1) Garrett will not sue UHCMC during the tolling period described in this Agreement (or any agreed extension hereof).

2) Garrett and UHCMC agree that, as to any and all claims that any party may have against any other party to this Agreement (including claims against any presently unknown or unnamed employee or agent of UHCMC), all applicable statutes of limitations, including but not limited to those governed by the Ohio Civil Rights Act (O.R.C. Chapter 4112); O.R.C. Chapter 4113; the Age Discrimination In Employment Act (29 U.S.C. §§621 et seq.) ("ADEA"), and Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§2000e et seq.) ("Title VII"), shall be tolled from September 16, 2013, through and including November 15, 2013 (the "tolling period"), and the tolling period shall not be included in the calculation of any applicable statute of limitations,

PLAINTIFF'S EXHIBIT 14
ALL-STATE LEGAL®

statute of repose, laches period, or any legal or equitable limitation on the initiation or bringing of suit or claims, and the parties each covenant and agree not to plead, argue, defend, or assert that the tolling period should be included in the calculation of any such limitation on actions. This Agreement shall not be deemed to revive any claim or any limitations period that is already barred by the statute of limitations, laches or any other defense based on the lapse of time. The statutes of limitations applicable to Garrett's claims are only suspended and tolled during the tolling period described in this Agreement and will commence to run again after the expiration of the tolling period.

3) The Parties further agree that except as expressly set forth herein, nothing in this Agreement shall be construed to limit or waive any rights, remedies or defenses that the Parties may have against each other, in law or equity. This Agreement does not constitute an admission of any kind by any Party regarding the merits of any potential claims or defenses between the Parties.

4) The Agreement is not admissible in any action or proceeding, except for the purpose of establishing the timeliness of the assertion of any claims by one Party against any other Party to this Agreement.

5) The Parties represent and warrant that the individuals executing this Agreement on each other's behalf are duly authorized representatives of their respective Parties, with full authority to execute this Agreement, and that this Agreement is a binding commitment on behalf of their respective Parties, agents and employees.

6) This Agreement shall be governed by and construed in accordance with the laws of the State of Ohio. The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other provisions shall remain valid and enforceable.

7) This Agreement may be executed in any number of counterparts by the Parties, and when each Party has signed and delivered at least one such counterpart to the other Party, each counterpart shall be deemed an original and taken together shall constitute one and the

same that shall be binding and effective as to each Party. Facsimile signatures will be treated as originals.

Executed this 16th day of September 2013.

_____  /  Marcie Manson
On behalf of                    Associate General Counsel
UHCMC                           UHHS

_____  /  Daniel Petrov
On behalf of Linda Garrett      Thorman Petrov Griffin LPA
                                216.421.9500